712 P.2d 431

**In the Matter of the Appeal in PIMA COUNTY JUVENILE ACTION NO. J–78632.**

No. 18034–PR.

Supreme Court of Arizona,
En Banc.

Jan. 9, 1986.

Ann M. Haralambie, Tucson, for appellants.

John W. Lovell, Tucson, for appellee Bennett.

Robert K. Corbin, Atty. Gen. by Joan R. Mendelson, Phoenix, for appellee DES.

Edith A. Croxen, Tucson, for appellees Minor Children.

Philip Fahringer, P.J., Pima Co. Juvenile Court, Tucson, and C. Kimball Rose, P.J., Maricopa Co. Juvenile Court, Phoenix, amicus curiae.

HOLOHAN, Chief Justice.

The appellees Ernest Ray Bennett, the Department of Economic Security and the minor children in the case petition this court to review the decision of the Court of Appeals which vacated the judgment of the juvenile court declaring the children dependent and awarding their legal custody to the Department. *Matter of the Appeal in Pima County Juvenile Action No. J–78632*, 147 Ariz. 527, 711 P.2d 1200 (1985). We granted the petitions for review.

The facts in this case are undisputed. The two minor children lived in Arkansas with their parents until September 1982. Their parents were killed in an automobile accident. Family friends, Robert and Vera McGough, the appellants, cared for the

children after the death of their parents. The appellants petitioned the appropriate Arkansas court for appointment as guardians of the children. Appellee Bennett, the children's grandfather, opposed the petition, but the appellants were appointed guardians by the Arkansas trial court and the action of the trial court was affirmed by the Arkansas Supreme Court. After the appellants were made guardians of the children, the appellee Bennett requested temporary custody of the children for a summer visit with him in Arizona. The Arkansas Court granted temporary custody of the children to appellee for a two week visitation in this state.

Upon the children's arrival in Arizona for the visit, the appellee and his wife testified that they noticed that the children were dirty and had bruises. They suspected the McGoughs had mistreated the children, and they resolved not to return the children to Arkansas. Appellee filed an adoption petition in the Pima County Juvenile Court and a dependency petition, alleging sexual abuse of the children by a friend of the McGoughs and severe disciplinary practices amounting to cruelty by the McGoughs themselves. A psychologist's and a therapist's reports appended to the dependency petition recommended awarding temporary custody to the appellee Bennett pending final custody determination. Subsequently, the Department of Economic Security joined in the dependency petition.

The juvenile court entered orders awarding temporary legal custody of the children to the Department with physical custody to the appellee Bennett. The McGoughs filed a motion to dismiss the dependency petitions, arguing lack of jurisdiction under the Uniform Child Custody Jurisdiction Act, A.R.S. §§ 8–401 –424, and the Federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A. The juvenile court denied the motion to dismiss.

A contested dependency hearing was held in February 1984. The trial court made findings describing acts of cruelty by the McGoughs and sexual abuse by their friend. Based on the findings the trial court adjudged the children dependent, awarding their legal custody to the Department with physical custody in the appellee.

The record shows that the Arkansas Department of Human Services offered, prior to the dependency hearing, to investigate any allegations of abuse, and that agency would report to the Arkansas court having continuing jurisdiction over the guardianship. The juvenile court did not pursue this offer and proceeded to hear the matter on the merits.

The McGoughs appealed the judgment of the juvenile court to the Court of Appeals. That appellate court vacated the juvenile court's orders and remanded for rehearing. The petitioners sought review of the appeals court decision, raising two issues:

1. Should the juvenile court have declined to exercise jurisdiction over the dependency proceeding, pursuant to the Uniform Child Custody Jurisdiction Act and the Federal Parental Kidnapping Prevention Act?

2. Did the Appeals Court err in holding that juvenile court has no statutory authority under A.R.S. § 8–241(A)(1) to award legal custody of a dependent child to the Department of Economic Security?

## I.  JURISDICTION

We approve the Court of Appeals' decision on the first issue. The juvenile court exceeded its jurisdiction in this case by proceeding contrary to statute without first communicating with the courts of Arkansas to determine the appropriate forum to hear the matter and whether the Arkansas court would decline jurisdiction.

## II.  DEPENDENCY

Although the issue was not raised by the parties, the Court of Appeals ruled that a juvenile court is not authorized by statute to award legal custody of a dependent child to the Department of Economic Security. This ruling is contrary to what has been the practice by juvenile courts in this state for many years. We granted review to resolve this important issue. The opinion

of the Court of Appeals on this issue is vacated.

The power of the superior court, sitting as a juvenile court, to make a particular disposition of a dependent child is limited to that which has been provided by law. Arizona Constitution, Art. 6, § 15. The legislature has authorized juvenile courts to make the following disposition of dependent children:

"1. It may award a dependent child:

(a) To the care of his parents, subject to the supervision of the state department of economic security.

(b) To a suitable institution.

(c) To an association willing to receive him.

(d) To a reputable citizen of good character.

(e) To an appropriate public or private agency licensed to care for children.

(f) To a suitable school.

(g) To maternal or paternal relatives, as guardian of the person, provided they are physically and financially able to provide proper care.

(h) To the protective supervision of a probation department subject to such conditions as the court may impose.

(i) To supervision under the independent living program established pursuant to § 8–521."

A.R.S. § 8–241(A).

In the foregoing statute it is clear that the juvenile court may award a dependent child to the care of his parents subject to the supervision of the Department of Economic Security. A.R.S. § 8–241(A)1(a). The Court of Appeals concluded, however, that under the above statute legal custody could not be granted to the Department.

■ Pursuant to A.R.S. § 8–241(A)1(e) the juvenile court is authorized to award legal custody of a dependent child to "an appropriate public or private agency licensed to care for children." The Department argues that this section authorizes the juvenile courts to award legal custody to it. We agree.

The proper interpretation of the statute at issue depends upon the application of some well recognized rules of statutory construction. First, a statute should be interpreted in such a way to give it a fair and sensible meaning. *Robinson v. Lintz*, 101 Ariz. 448, 420 P.2d 923 (1966). Second, statutes which relate to the same subject matter should be read together and all parts of the law on the same subject must be given effect, if possible. *Collins v. Stockwell*, 137 Ariz. 416, 671 P.2d 394 (1983); *State ex rel. Larson v. Farley*, 106 Ariz. 119, 471 P.2d 731 (1970). Third, construction of a statute by an agency charged with its administration is entitled to great weight in determining the proper interpretation. *Police Pension Board v. Warren*, 97 Ariz. 180, 398 P.2d 892 (1965). Finally, where there has been a long period of uniform acquiescence in the meaning of a statute, that meaning, unless manifestly erroneous, should not be disturbed. *Dupnik v. MacDougall*, 136 Ariz. 39, 664 P.2d 189 (1983); *Bohannan v. Corporation Commission*, 82 Ariz. 299, 313 P.2d 379 (1957).

■ The Department relies on subsection (e) of A.R.S. § 8–241(A)1 as the provision which authorizes the granting of legal custody of a dependent child to it. Subsection (e) may be read as either requiring both the public or private agency to be licensed to care for children, or that only the private agency be required to be licensed. Generally public agencies are not required to be licensed to perform their tasks. The authority of a public agency is usually set out in the act creating the agency and it does not depend upon a license. Thus, the more sensible interpretation of the subsection would be that it should be read to provide that a court is authorized to award legal custody of a dependent child to an appropriate public agency such as the Department or to a private agency which is licensed to care for children.

The above construction has been placed on the subsection by the Department of Economic Security since its inception and prior to that by its predecessor agency, the Department of Public Welfare. It must be noted that, until the case at issue, the Department's interpretation of subsection (e) had never been challenged. Although that issue was not specifically raised in past cases, this court on a number of occasions has reviewed without protest cases in which the juvenile court had placed legal custody of a dependent child with the Department of Economic Security. *Matter of Appeal in Maricopa County Juvenile Action No. A–27789,* 140 Ariz. 7, 680 P.2d 143 (1984); *Matter of Appeal in Yavapai County Juvenile Action No. J–8545,* 140 Ariz. 10, 680 P.2d 146 (1984); *Matter of Appeal in Pima County Juvenile Action No. J–46735 v. Howard,* 112 Ariz. 170, 540 P.2d 642 (1975). Both divisions of the Court of Appeals have similarly reviewed cases in which legal custody of a dependent child had been placed by the juvenile court with the Department of Economic Security. *Arizona Department of Economic Security v. Superior Court,* 145 Ariz. 71, 699 P.2d 1302 (App.1984); *Matter of Appeal in Maricopa County Juvenile Action No. JS–378,* 21 Ariz.App. 202, 517 P.2d 1095 (1974). This long acquiescence by this court and the Court of Appeals in the construction of the statute by the juvenile courts and the Department supports the conclusion that the construction of the statute by the Department should not be disturbed. *Bohannan v. Corporation Commission, supra.*

The construction of the subsection authorizing legal custody of dependent children to be placed with the Department is in harmony with other sections of the statutes applicable to child welfare and protection. The Department of Economic Security has an important and significant role in the state system to provide necessary services for children. A review of the statutory responsibilities of the department strongly supports the conclusion that the Legisla-ture intended that the Department be authorized to provide legal custody of dependent children. Illustrative of this proposition is the child protective services program established by A.R.S. §§ 8–546–546.06. The Department, through its protective services workers, is required to receive, evaluate, and investigate complaints of child abuse and dependency to determine whether protective action is necessary. A.R.S. § 8–546.01. The Department is authorized to take children into temporary custody and file dependency petitions with the juvenile court. A.R.S. §§ 8–546.01 –546.02. The Department is authorized to place children in foster homes, and it is required to submit a plan for permanent placement to the juvenile court which includes the designation of the person within the Department directly responsible for implementing the plan. A.R.S. § 8–511. Implementation of permanency planning supports the notion that it was intended that the Department have power to act for the benefit of a dependent child subject to juvenile court review. In order to carry out its duties the Department would need the authority which accompanies the award of legal custody by a court. Without such authority the Department would not be able to assure the execution of any plan submitted to the juvenile court for permanent placement of the child.

The Department is charged with other responsibilities which can only be carried out if the department has legal custody. These include establishment of independent living programs for older dependent children, A.R.S. § 8–521; assignment of dependent developmentally disabled children, A.R.S. § 8–242; provision for comprehensive medical and dental care for children in the custody of the Department and placed with a relative or placed in a foster home, A.R.S. § 8–512. In addition, the legislature has for many years appropriated substantial amounts of money to the Department to provide for the care of children whose legal custody has been awarded to the Department by juvenile courts. If the legisla-

ture had not intended the Department to act as it has, the funds would not have been provided.

From the foregoing review we conclude that the juvenile court may award a dependent child to the legal custody of the Department of Economic Security pursuant to A.R.S. § 8–241(A)1(e).

The order of the juvenile court appealed from is vacated and the case is remanded to that court for further proceedings consistent with this opinion.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.