542 So.2d 447 (1989)
Robert H. JOHNSON, Appellant,
v.
Laurie A. DENTON, Etc., et al., Appellees.
No. 88-1871.
District Court of Appeal of Florida, Fifth District.
April 27, 1989.
*448 Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for Appellee Dept. of Health and Rehabilitative Services.
No Appearance, for appellee Denton.
ORFINGER, Judge.
Robert Johnson appeals the order denying his motion for change of custody of his daughter. We hold that the lower court should not have exercised its jurisdiction under the Uniform Child Custody Jurisdiction Act. §§ 61.1302-61.1348, Fla. Stat. (1987) (UCCJA). Accordingly, we reverse.
Robert Johnson and Laurie Denton were divorced in Arkansas on July 17, 1985. The divorce judgment awarded the mother custody of the daughter born March 27, 1982, but prohibited the mother from removing the child from Arkansas without court approval. In the latter part of 1985 the mother moved the child to Florida without notifying the father and without court permission.
On March 18, 1987, appellee HRS filed a petition in the court below for dependency based upon the mother's alleged abuse and neglect of the child. The record does not contain an affidavit under the UCCJA as required by Rule 8.520, Florida Rules of Juvenile Procedure, nor was there any indication in the petition (or in later pleadings) as to the identity of the father or his whereabouts. The circuit court withheld adjudication of dependency and placed the child in the temporary custody of the maternal grandmother. On July 20, 1987 the court reviewed the placement, adjudicated the child dependent and continued placement with the grandmother.
After a January, 1988 review hearing, the court changed the child's placement from the grandmother to HRS and foster care, and required the mother to enter into a performance agreement. The performance agreement does not mention the father nor did HRS enter into an agreement with the father as required by section 39.451(4)(a), Florida Statutes (1987). Nothing in the record reflects that the court considered the application of the UCCJA to this case, as required by section 61.1304(3), Florida Statutes (1987), or that the parties were required to comply with its provisions.
There is no indication in the record that the father was ever given formal notice of any of the dependency proceedings. The testimony reflects that the father learned of the dependency proceedings from the maternal grandparents, and that he had no objection to their continued custody of the child. However, when he learned that the child had been taken from the grandparents and placed into foster care, he filed a petition for custody, or alternatively for a writ of habeas corpus, in the court below, relying on an order of the Arkansas court entered April 29, 1988, which provided in pertinent part that it had jurisdiction over the minor child, and further:
The Court finds that there currently exists a bona fide emergency situation such that this Court is required to act immediately in order to protect the interests of the minor child, Crystal [sic] Dawn Johnson. That there has been presented to the Court certified copies of a Petition for Dependency and Placement Order entered by the Juvenile Court of Orange County, Florida finding this child to be a dependent neglect [sic] having been subjected to physical and/or sexual abuse. The Court finds that pending a final hearing on this cause custody of this minor child should and hereby is placed with the Plaintiff Father.
*449 The father asserted that he was entitled to custody by reason of the Arkansas order, but the Florida court denied the petition. From this order this appeal follows.
The provisions of the UCCJA must be applied to determine Florida's jurisdiction. First, it is apparent Florida would have jurisdiction because it is the home state of the child. § 61.1308(1)(a), Fla. Stat. (1987). However, whether Florida should have exercised its jurisdiction is quite another matter.[1] Section 61.133(1) provides:
(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless:
(a) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree; and
(b) The court of this state has jurisdiction.
Pursuant to the Arkansas counterpart of section 61.1308(1)(b), Florida Statutes (1987), the Arkansas court had jurisdiction to modify its previous custody order. That section of the UCCJA confers jurisdiction on a court where it is in the best interest of the child that the court assume jurisdiction because the child and his parents or the child and at least one contestant have a significant connection with the state and there is available in the state substantial evidence concerning the child's present or future care, protection, training and personal relationships. It does not require that the child be physically present in the state. § 61.1308(3), Fla. Stat. (1987). Since the child had resided in Arkansas for over three and a half years prior to being removed to Florida by the mother[2] and the father continued to reside in Arkansas, the Arkansas court had subject matter jurisdiction based on the child's significant connection with Arkansas and the presence in that state of substantial evidence concerning the child's present or future care, protection, training and personal relationships. Arkansas has not declined to assume jurisdiction, but rather exercised its jurisdiction in ordering the custody of the child removed from the mother and placed temporarily with the father. The stated purpose of the UCCJA is to "[a]void jurisdictional competition and conflict with courts of other states in matters of child custody ..." § 61.1304(1), Fla. Stat. (1987). The Arkansas court was not prohibited from entering the temporary order changing custody from the mother to the father because at the time the father filed the emergency petition in Arkansas, the Florida court had not exercised jurisdiction substantially in conformity with our version of the UCCJA. § 61.1314, Fla. Stat. (1987).
The trial court should have declined to exercise jurisdiction over HRS's petition for dependency. While the trial court could have issued a temporary order maintaining custody in HRS's care for a short period of time in the best interests of the child, see Nussbaumer v. Nussbaumer, 442 So.2d 1094 *450 (Fla. 5th DCA 1983), the court erred in adjudicating the child dependent and placing the child in the custody of HRS without first requiring the petitioner to comply with the requirements of the UCCJA and then considering whether it should exercise its jurisdiction under the provisions of that act. Because Arkansas had jurisdiction to enter the temporary order changing custody from the mother to the father, this custody order should now be enforced pursuant to section 61.1332, which requires this state to enforce custody decrees of other states when a certified copy of the custody decree has been filed in the Office of a Clerk of the Circuit Court in this state.
REVERSED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] HRS concedes that the trial court should not have exercised jurisdiction and asks this court to hold that the Parental Kidnapping Prevention Act, (PKPA) Title 28 U.S.C. section 1738A governs the instant action. It is settled in other jurisdictions that where the PKPA and the state's version of the UCCJA conflict, the PKPA preempts state law. See, e.g., In re Custody of Thorensen, 46 Wash. App. 493, 730 P.2d 1380 (1987). While this court has acknowledged the existence and possible application of the PKPA to child custody proceedings, see De La Pena v. Torrone, 467 So.2d 336 (Fla. 5th DCA 1985); Nussbaumer v. Nussbaumer, 442 So.2d 1094 (Fla. 5th DCA 1983), the factual existence of a conflict between the UCCJA and the PKPA has not previously been before this court, nor is it presented now. Assuming, without deciding, that the PKPA is applicable to dependency proceedings, compare State ex rel. Dept. of Human Services v. Avinger, 104 N.M. 255, 720 P.2d 290 (1986) (PKPA not applicable to neglect and dependency proceedings) with In Matter of Pima County Juvenile Action, 147 Ariz. 584, 712 P.2d 431 (1986) (PKPA is applicable to dependency proceedings), Florida was prohibited by Title 28 U.S.C. section 1738A(f) from modifying Arkansas' custody determination because Arkansas had continuing jurisdiction under subsection (d) and had not declined to exercise that jurisdiction.
[2] The child had been in Florida only approximately one and half years before the child was taken from the custody of the mother by the Florida court. The child was five years old when these proceedings began in 1987.