874 P.2d 1006

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. JD–6236.**

**No. 1 CA–JV 93–0033.**

Court of Appeals of Arizona,
Division 1, Department E.

May 10, 1994.

**450**

Grant Woods, Atty. Gen. by Susan J. Gebhard, Asst. Atty. Gen., Phoenix, for Arizona Dept. of Economic Sec.

Friedl, Richter & Buri by Charles E. Buri, Phoenix, for Natural Mother.

Kessler & Doyle by Michael J. Doyle and Eric W. Kessler, Mesa, for Natural Father.

Roberts, Ellsworth & Rowley by Paul Rowley, Mesa, Guardian ad Litem for Minor Child.

## OPINION

FIDEL, Judge.

The juvenile court, responding to a recommendation by the Department of Economic Security ("DES"), authorized DES to change a dependent child's placement. In so doing, the juvenile court treated the agency's recommendation as a matter to be reviewed for abuse of discretion and expressly deferred to the placement discretion of DES. We conclude on appeal that the juvenile court erred by reviewing DES's recommendation for abuse of discretion when it should instead have exercised the court's independent discretion to determine whether the change would best serve the interests of the child.

### I

Appellant is the natural father of the four-year-old dependent child. Appellees are the natural mother, DES, and the child through court-appointed counsel. The father and mother reside separately.

In August of 1991, after removing the child from the mother's custody and placing her with her paternal grandmother, DES petitioned the juvenile court to declare the child dependent. On February 12, 1992, after a contested hearing, the juvenile court judge declared the child dependent, made her a ward of the court, committed her to the "care, custody and control" of DES, approved the child's placement with her paternal grandmother, and ordered the Foster Care Review Board to periodically review DES's permanent placement efforts. Pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") § 8–515(C), the court set the matter for a "Report and Review hearing" before a juvenile court commissioner.

On January 15, 1993, at the Report and Review hearing, in response to a recommendation by DES, the commissioner ordered the child transferred from her paternal grandmother to her maternal grandparents within thirty days. The commissioner found a change in placement warranted by concern that the paternal grandmother might be permitting unauthorized and inappropriate contact between the father and the child and because the paternal grandmother's work schedule required her to regularly put the child in extended day care.

The father responded to the commissioner's order by moving that the transfer of placement be stayed, treated as a contested matter, and set for hearing before a juvenile judge. See A.R.S. § 8–515(D)(3) (Supp.1993) (A parent has the right to notice and participation in hearings concerning placement of a dependent child.). At the ensuing hearing,

the court decided, upon DES's recommendation, to defer the transfer decision to permit the formulation of a transition plan. Thereafter, at the conclusion of a second contested hearing on May 7, 1993, the court made the following minute entry:

> Were the Court the person the law charges with making the decision in the first instance, the Court might not be inclined to order transfer at the present time. The Court's view of its legal position in this matter is that it reviews the appropriateness of the actions of the Department of Economic Security.
>
> THE COURT DOES NOT FIND the Department has abused its discretion in recommending transfer at this time. Therefore,
>
> IT IS ORDERED authorizing transfer of the child [to her maternal grandparents] when the Department feels it is appropriate.

The child was placed in the custody of her maternal grandparents on June 2, 1993. The father asks this court to reverse the transfer of placement.

## II

Juvenile court orders arising from periodic review of dependency placement arrangements are appealable. *Juvenile Action JD–500116*, 160 Ariz. 538, 542, 774 P.2d 842, 846 (App.1989) (citing *Juvenile Action J–8545*, 140 Ariz. 10, 14, 680 P.2d 146, 150 (1984)). When a change in a dependent child's placement is ordered, a parent has standing to appeal. *See id.* We thus have jurisdiction over this appeal.

Our court is generally deferential when the juvenile court exercises its substantial discretion to make placement decisions in the best interest of dependent juveniles. *Juvenile Action JV–110720*, 156 Ariz. 430, 431, 752 P.2d 519, 520 (App.1988). We review such orders for abuse of discretion. *Id.* In this case, however, we do not review a discretionary decision of the juvenile court. Rather, we review the court's *legal decision* to adopt a deferential standard of review for

DES's transfer recommendation. The precise question before us is whether, once the juvenile court has made a dependent juvenile its ward and placed the juvenile in the custody of DES, the juvenile court reviews DES's placement recommendations for abuse of discretion or is instead obliged to independently decide whether the recommended placement serves the best interests of the child. In deciding this purely legal issue, we owe no deference to the conclusions of the juvenile court.

## III

The juvenile court has jurisdiction over all matters affecting dependent children. Ariz. Const. art. 6, § 15; A.R.S. § 8–202. A child determined to be dependent is a ward of the juvenile court and remains within its jurisdiction until age eighteen unless such jurisdiction is sooner terminated by law. A.R.S. § 8–246 (Supp.1993). Among the several ways the juvenile court may provide for a dependent child is to assign legal custody to an appropriate public agency. A.R.S. §§ 8–201(5) and 8–241(A)(1) (Supp.1993). Such an agency is DES. *Juvenile Action J–78632*, 147 Ariz. 584, 586, 712 P.2d 431, 433 (1986). DES in turn is generally empowered to "act for the benefit of a dependent child" assigned to its custody. *Id.* at 587, 712 P.2d at 434. A child assigned to DES's custody, however, remains a ward of the juvenile court,[1] which maintains ongoing responsibility to review DES's placement, case planning, and services, *see, e.g.,* A.R.S. §§ 8–511, 8–515, 8–515.01, 8–515.03, and 8–522 (Supp. 1993).

Several statutes concern out-of-home placement of dependent children assigned to the custody of DES. *See generally* A.R.S. § 8–501 to 8–568. Pursuant to sections 8–514 and 8–514.02, respectively, DES may place such children in foster homes or with a relative. A.R.S. § 8–514; A.R.S. § 8–514.02 (Supp.1993). Furthermore, pursuant to section 8–517, DES may change such placement when necessary to protect the child's interests and welfare. A.R.S. § 8–517 (Supp.

---

1. A.R.S. § 8–242.01(B) (Supp.1993) refers to "a child ... who is a ward of the juvenile court as a dependent child committed to the department of economic security...."

1993).  In a cluster of related statutes, however, the legislature has subjected DES's placement decisions to juvenile court review. *See Juvenile Action,* 147 Ariz. at 587, 712 P.2d at 434 (legislature intended DES to have power to act for dependent child subject to juvenile court review).  We examine those statutes to determine the character of such review.

Under section 8–511 the department must submit both its initial placement plan and its permanent placement plan for a dependent juvenile to the review of the juvenile court. Where the permanent plan provides for out-of-home placement with a family member or in foster care, the department must inform the court of the services it has provided and will continue to provide to "have a reasonable expectation of remedying the condition or circumstances causing the child to be placed in an out-of-home placement."  A.R.S. § 8–511(B)(3).

Section 8–515 requires the juvenile court to review dependency cases involving out-of-home placement at least once per year.[2] Sections 8–515.01 and 8–515.03 require foster care review boards to semi-annually review dependency cases involving out-of-home placement and to report their findings and recommendations to the juvenile court. In dependency cases involving allegations of abuse and neglect, section 8–225(I) requires the juvenile court to appoint a guardian ad litem "to protect the child's best interest." And in any dependency case, the juvenile court has authority under section 8–522 to appoint a special advocate for the child to:

1.  Gather and provide independent, factual information to aid the court in making its decision regarding what is in the child's best interest and in determining if reasonable efforts have been made to prevent removal of the child from the child's home or in reunifying the child with the child's family.

2.  Provide advocacy to ensure that appropriate case planning and services are provided for the child.

A.R.S. § 8–522(E) (Supp.1993).

▮ The statutes we have cited collectively reveal the legislature's intent, in matters of dependency placement, that the juvenile court, with the assistance of foster care review boards and special advocates, *independently* review the decisions and recommendations of DES.  This intent is particularly clear from A.R.S. § 8–522(E), which explicitly defines the special advocate's role as that of providing "independent, factual information to aid the court in making its decision regarding what is in the child's best interest. ..."  Accordingly, we resolve the question before us by holding that the juvenile court does not use an abuse-of-discretion standard when reviewing a DES recommendation concerning out-of-home placement of a dependent child.  Rather, the court owes it to the child to independently determine the child's best interest.

## IV

We wish to make plain in concluding this opinion that we do not question the sufficiency of the evidence in this case to support the change in placement recommended by DES.

**2.**  Section 8–515(C) provides explicitly for annual reviews only in cases in which "a child has remained in *foster care* for a period of one year...." (emphasis added).  This language, if read in isolation from the remainder of Title 8, Chapter 5, might be interpreted narrowly to require ongoing judicial review only in cases of out-of-home placement in foster homes and not in cases of out-of-home placement with a family member.  Statutes relating to the same subject, however, should be construed harmoniously " 'as though they constituted one law.' "  *Church of Jesus Christ v. Superior Court,* 159 Ariz. 24, 32, 764 P.2d 759, 767 (App.1988) (citations omitted); *State v. Sweet,* 143 Ariz. 266, 270, 693 P.2d 921, 925 (1985).  Pertinent companion statutes to section 8–515(C) include section 8–515.01(A) (The

presiding juvenile judge of each county shall establish a local foster care review board "for the review of cases of [dependent] children *who are in out-of-home placement* ... to assist in the review required pursuant to § 8–515....") (emphasis added) and 8–515.03 (requiring foster care review boards to review every six months "the case of each [dependent] child *who remains in out-of-home placement* " and to report to the juvenile court within 30 days of its review.) (emphasis added).  When these closely related statutes are read harmoniously, we conclude that the legislature intended the juvenile courts to conduct 8–515(C) review hearings in *all* cases of out-of-home placement and not just in cases of placement in foster homes.

Had the juvenile court decided in its independent discretion that a change in placement served the child's best interest, that decision would have been supported by the evidence. We remand, however, because, instead of exercising an independent judgment concerning the child's best interest, the juvenile court found that DES had not "*abused its discretion* in recommending transfer." The court added, "Were the Court the person the law charges with making the decision in the first instance, the Court might not be inclined to order transfer at the present time." We hold in response that it is indeed the juvenile court that the law ultimately charges with the decision and that, in making that decision, the court owes only respectful consideration to DES's recommendation, not the deference that an abuse-of-discretion standard would entail.

For the foregoing reasons, the juvenile court is directed to independently determine the child's best interests upon remand. As the circumstances of the child have undoubtedly changed since the juvenile court entered its placement order in May of 1993, the court is free upon remand to consider all current information relevant to that determination.

JACOBSON, P.J., and NOYES, J., concur.