641 P.2d 1272

**MID-CENTURY INSURANCE COMPANY, a California corporation, Appellee,**

v.

**Debbie Diane DUZYKOWSKI, a minor, by and through her guardian ad litem, Mary Louise Duzykowski, Appellants.**

**No. 15340.**

Supreme Court of Arizona, In Division.

Feb. 4, 1982.

Rehearing Denied March 16, 1982.

Hofmann, Salcito & Stevens by Leroy W. Hofmann, Phoenix, for appellants.

Johnson, Jessen, Dake & Oplinger by James E. Vieh, Phoenix, for appellee.

HAYS, Justice.

This case involves an appeal from a summary judgment in a Declaratory Relief Action. We take jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 19(e).

An uninsured Oldsmobile driven by Deborah Cheryl Taylor and owned by Richard Thomas struck the defendant-appellant, Debbie Diane Duzykowski, in a crosswalk on December 30, 1976. At the time of the accident the driver, Deborah Taylor, carried no automobile insurance of her own. However, her mother, Mary Taylor, was the "named insured" on an automobile liability insurance policy issued by Mid-Century In-

surance Company (hereinafter "Mid-Century"), the plaintiff-appellee, and insuring a 1975 Corvette automobile. Appellant Duzykowski contends that Deborah Taylor was insured at the time of the accident under the Corvette policy issued to her mother.

The issue in the Declaratory Relief Action was whether Deborah Taylor at the time of the accident was a "resident of the same household" and, therefore, covered by her mother's policy. The trial court entered summary judgment in favor of the plaintiff-appellee, Mid-Century, and denied Duzykowski's motion for summary judgment. The sole issue raised in the present appeal by Duzykowski is whether material issues of fact existed precluding the granting of summary judgment by the trial court.

Approximately five weeks prior to the accident, Deborah had turned 18 and announced her intention to marry. She removed the majority of her possessions from her mother's house, although she did leave behind a hope chest. Deborah retained a key to her mother's residence, and occasionally returned to visit, eat, and pick up mail or other items. Deborah spent nights at the home of Mr. and Mrs. Thomas, the parents of her fiancé. They submitted an affidavit which appellant maintains was sufficient to establish that Deborah Taylor intended to remain a resident of her mother's household. However, in her deposition testimony, Deborah Taylor stated that at the time she left her mother's residence, she anticipated marrying her fiancé and did not expect to return to her mother's home, although she did return a year later following her divorce.

Before a court may grant summary judgment, two requirements must be met. First, there can be no genuine issue regarding any material fact. Second, one of the parties must be entitled to judgment as a matter of law. *Nicoletti v. Westcor, Inc.,* 131 Ariz. 140, 639 P.2d 330 (1982); *Grain Dealer Mutual Ins. Co. v. James,* 118 Ariz. 116, 575 P.2d 315 (1978); 16 A.R.S. Rules of Civil Procedure, rule 56(c).

In reviewing the granting of a motion for summary judgment, as an appellate court we are required to construe the record in a light most favorable to the party opposing the motion. *State Farm Mutual Automobile Insurance Co. v. Long,* 16 Ariz.App. 222, 492 P.2d 718 (1972); *Mermis v. Weeden & Co.,* 8 Ariz.App. 166, 444 P.2d 524 (1968). If even the slightest doubt regarding material facts exists, the summary judgment must be reversed for a trial on the merits. *Wisener v. State,* 123 Ariz. 148, 598 P.2d 511 (1979); *Peterson v. Valley National Bank of Phoenix,* 90 Ariz. 361, 368 P.2d 317 (1962). Moreover, if a material issue concerns the state of mind or intent of one of the parties, summary judgment normally is not appropriate. *Grain Dealers Mutual Insurance Co. v. James, supra; People ex rel. Babbitt v. Green Acres Trust,* 127 Ariz. 160, 618 P.2d 1086 (App.1980).

In the instant case, the section of the insurance policy dealing with liability coverage required Mid-Century

"To pay all damages the insured becomes legally obligated to pay because of:

(A) bodily injury to any person, and/or

(B) damage to property arising out of the ownership, maintenance or use, ... of the described automobile or a non-owned automobile."

The definition of "insured" provided:

"The unqualified word 'insured' includes

. . . .

(b) with respect to a non-owned automobile,

(1) the named insured or a relative ..."

"Non-Owned Automobile" and "Relative" were defined as:

"*Non-Owned Automobile* means an automobile not owned by or regularly or frequently used by the named insured or any *resident of the same household* (emphasis supplied), other than a substitute automobile.

"*Relative* means a relative of the named insured who is a resident of the same

household, provided neither such relative nor his spouse owns an automobile."

The policy, however, failed to define "resident of the same household."

 Several states have found the term "resident of the same household" to be ambiguous. *Crossett v. St. Louis Fire & Marine Insurance Co.*, 289 Ala. 598, 269 So.2d 869 (1972); *Mazzilli v. Accident & Casualty Insurance Co.*, 35 N.J. 1, 170 A.2d 800 (1961). Under Arizona law, however, "resident of the same household" on its face is not ambiguous, and this term must be interpreted according to its ordinary meaning. *Heard v. Farmers Insurance Exchange Co.*, 17 Ariz.App. 193, 496 P.2d 619 (1972). Nevertheless, the ultimate question for resolution still remains a *factual* determination whether Deborah Taylor was a resident of her mother's household at the time of the accident and, therefore, was covered under her mother's policy. *Id.* at 195, 496 P.2d at 621; *United Services Automobile Association v. Mione*, 34 Colo.App. 448, 528 P.2d 420 (1974).

 Factors to consider in determining whether an individual is a "resident of the same household" include, but are not limited to, the individual's presence in, or absence from, the named insured's home on the date of the occurrence; the reasons or circumstances relating to the absence or presence; the relationship of the individual to the named insured; living arrangements of the individual in earlier time periods; the individual's subjective or declared intent with respect to the place of residence; the existence of a second place of lodging. 93 A.L.R.3d 420 (1979); *United Services Automobile Association v. Mione, supra.*

 The record in the instant case does not present any *material* issue regarding Deborah Taylor's intent or state of mind. She, herself, stated under oath that she did not expect to return to her mother's house.

It was her intent to marry. She had been absent from her mother's house for over five weeks prior to the accident. The relationship between mother and daughter was "stormy" at best. Prior and subsequent to the accident, Deborah Taylor slept at the home of her fiancé's parents, and, although she visited her mother's residence, it was normally during Mrs. Taylor's absence. Moreover, the affidavit of Mr. and Mrs. Thomas, although it indicates that Deborah Taylor did not consider herself a member of their household, fails to establish Deborah Taylor's intent to remain a resident of her mother's household.

Appellant nevertheless argues that Deborah Taylor's subjective intent was to retain her mother's house as her residence. In light of Deborah and Mary Taylor's deposition testimony, we cannot agree. "When the pleadings, depositions and admissions on file, together with affidavits and exhibits, show that there is no genuine issue as to any material fact involved in the issues formed by the pleadings, the trial court may grant summary judgment." *Nationwide Mutual Insurance Co. v. Granillo*, 117 Ariz. 389, 391, 573 P.2d 80, 82 (1977); *Coombs v. Lumbermen's Mutual Casualty Co.*, 23 Ariz.App. 207, 531 P.2d 1145 (1975).

Judgment of the trial court affirmed.

WILLIAM A. HOLOHAN, C. J., and FRANK X. GORDON, Jr., V. C. J., concur.