742 P.2d 273

Tina Marie GORDINIER, a single person, Plaintiff/Appellant,

v.

The AETNA CASUALTY AND SURETY COMPANY, a foreign corporation, Defendant/Appellee.

Tina Marie GORDINIER, a single person, Plaintiff/Appellant,

v.

WESTERN AMERICAN INSURANCE AGENCY, an Arizona corporation; Jean Gordinier and John Doe Gordinier, wife and husband, Defendants/Appellees.

Nos. 2 CA–CIV 5811, 2 CA–CIV 5812.

Court of Appeals of Arizona, Division 2.

Oct. 16, 1986.

Frederick C. Creasy, Jr. and Michael E. Kranitz, Scottsdale, for plaintiff/appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Larry L. Smith, Phoenix, for defendant/appellee Aetna.

Jennings, Strouss & Salmon by Jefferson L. Lankford and M. Byron Lewis, Phoenix, for defendants/appellees Western American and Gordinier.

## OPINION

FERNANDEZ, Judge.

Appellant Tina Gordinier seeks reversal of the summary judgment entered in favor of appellee Aetna Casualty & Surety Company in Gordinier's suit seeking payment of uninsured motorist coverage under an insurance policy issued by Aetna. She also seeks reversal of the summary judgment entered in favor of appellees Western American Insurance Agency and Jean and John Doe Gordinier in her misrepresentation action against them. We affirm.

Tina and Shawn Gordinier were married in July 1981 and separated in August 1982. After they separated, Tina moved to a different apartment and Shawn returned to his parents' home. While they were still living together, the Gordiniers obtained a liability insurance policy from Aetna that covered a 1976 Buick. The declarations page of the policy named Shawn as the insured. Tina and Shawn were both listed as drivers of the vehicle. Tina continued to drive the Buick after the separation, and Shawn purchased a second vehicle which he added to the insurance policy. Apparently each paid his or her own living expenses after the separation, but Shawn made at least some of the premium payments on the insurance and paid child support for the couple's son. The evidence showed his mother paid some of the insurance premiums both before and after the separation.

The policy was renewed in September 1983 with no changes in coverage.

On January 8, 1984, Tina was injured in an accident while she was a passenger on a motorcycle owned and driven by a friend. The friend had no insurance coverage on the motorcycle, but Tina received payment from the company which insured the truck that had collided with the motorcycle. She then filed a claim for payment of the uninsured motorist coverage on the policy Shawn carried. Aetna denied coverage and Tina sued for bad faith, breach of contract, fraud, breach of fiduciary duties, consumer fraud, deceptive advertising, intentional infliction of emotional distress, and violations of the state racketeering statute. She also sued Western American Insurance Agency and one of its employees, Jean Gordinier, who also happened to be Tina's mother-in-law, claiming Jean had represented to her that she had "full coverage" under the policy and that Jean, as an agent of Western, had assisted in renewing the policy without change in September 1983 although she knew Tina and Shawn were no longer living together. Tina and Shawn were divorced in June 1984 shortly before Tina filed this lawsuit.

The uninsured motorist provisions of Aetna's policy read in part as follows: "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: 1. Sustained by a covered person; and 2. Caused by an accident." "Covered person" under the uninsured motorist coverage is defined as "1. You or any family member"; and "2. Any other person occupying your covered auto." Finally, "you" and "family member" are defined as follows: "Throughout this policy, 'you' and 'your' refer to: 1. The 'named insured' shown in the Declarations; and 2. The spouse if a resident of the same household." "'Family member' means a person related to you by blood, marriage or adoption who is a resident of your household." Aetna denied coverage based on the fact that Tina was not listed as a named insured on the declarations page and was not residing in the same household as Shawn at the time of the accident.

Tina contends the exclusion which Aetna applied to deny coverage violates Arizona's uninsured motorist statute as well as the public policy underlying that statute. Additionally, she contends it is contrary to community property law and the doctrine of reasonable expectations and is an ambiguous policy term. Finally, she contends that a fact question exists which precludes entry of summary judgment. We find no merit in any of her contentions.

## STATUTORY VIOLATIONS

Appellant contends that Aetna's requirement that a spouse must be a resident of the same household as the named insured in order to receive uninsured motorist coverage is a violation of both the Uninsured Motorist Act, A.R.S. § 20–259.01, and the Uniform Motor Vehicle Safety Responsibility Act, A.R.S. §§ 28–1101 through 28–1225. As appellant notes, those acts are to be read in pari materia. *Chase v. State Farm Mutual Automobile Insurance Co.,* 131 Ariz. 461, 641 P.2d 1305 (App.1982). "The purpose of the Financial Responsibility Act is to protect the public on the highways against the operation of motor vehicles by financially irresponsible persons." *Transamerica Insurance Co. v. McKee,* 27 Ariz. App. 158, 161, 551 P.2d 1324, 1327 (1976). Nothing in that Act, however, either expressly or impliedly prohibits the type of exclusion employed by Aetna in this case.

■ The Uninsured Motorist Act requires, among other things, that every automobile liability policy issued or delivered in Arizona include coverage "for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." A.R.S. § 20–259.01(A). The statute is to be liberally construed to conform to the legislative intent. *Evenchik v. State Farm Insurance Co.,* 139 Ariz. 453, 679 P.2d 99 (App.1984). The language of the statute itself does not require Gordinier's inclusion under the uninsured motorist coverage at issue. It merely requires that coverage be provided to protect insured persons. The fact that Gordinier was included in the definition of insured at the time the policy was purchased does not mean that she continued to be covered regardless of any change in circumstances.

## PUBLIC POLICY CONSIDERATIONS

Gordinier also contends that application of the policy exclusion clause violates the public policy expressed by the legislature in enacting the uninsured motorist statute. Although the statute is remedial and to be liberally construed, exclusions under uninsured motorist coverage can be applied. It has been held that it is not a violation of public policy for an insured to elect to purchase uninsured coverage which excludes the named insured, *State Farm Mutual Automobile Insurance Co. v. Gibbs,* 139 Ariz. 274, 678 P.2d 459 (App.1983), and "other insurance" clauses under uninsured motorist coverage have been held to be valid, *Bakken v. State Farm Mutual Automobile Insurance Co.,* 139 Ariz. 296, 678 P.2d 481 (App.1983).

■ Gordinier insists coverage cannot be limited depending on the location or status of the insured. *Calvert v. Farmers Insurance Co. of Arizona,* 144 Ariz. 291, 697 P.2d 684 (1985). Although that is true, what Gordinier fails to realize is that coverage was not denied to her because of her location or status but because of the fact that she did not qualify as a covered person. Since she is not a named insured on the declarations page of the policy, the only way she could be covered for an accident is to qualify under one of the definitions extending coverage to other persons. So long as she resided with her husband in the same household she was covered; once they separated and she established her own separate residence, she no longer came under the policy definition. There is nothing in the uninsured motorist statute which requires extension of coverage to persons who qualify for coverage only occasionally or under certain circumstances under policy definitions extending coverage to those involved in activities such as driving an insured vehicle as a permissive user, riding as a guest in an insured vehicle, and the

like. We find the exclusion applied here does not violate public policy.

## APPELLANT'S OTHER CONTENTIONS

■ Gordinier contends she is also entitled to coverage under the reasonable expectations doctrine discussed in *Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co.*, 140 Ariz. 383, 682 P.2d 388 (1984). "The doctrine of reasonable expectations should only be applied if the terms of the policy are ambiguous, the policy has a hidden trap or pitfall or the fine print takes away the coverage that is given by the large print." *Evenchik v. State Farm Insurance Co., supra*, 139 Ariz. at 458, 679 P.2d at 104. Although Gordinier contends the exclusion clause is ambiguous, it has been held that the phrase "resident of the same household" is not ambiguous on its face. *Mid-Century Insurance Co. v. Duzykowski*, 131 Ariz. 428, 641 P.2d 1272 (1982). Nor do the facts shown here demonstrate any hidden trap in the clause or that the fine print takes away coverage given by the large print. As we noted above, Gordinier is not a named insured on the declarations page of the policy. Any coverage she ever had under it was only as the spouse of Shawn while she was residing in the same household with him. Thus, the doctrine of reasonable expectations does not apply.

Gordinier argues that it was reasonable for her to believe she had uninsured motorist coverage for her January 1984 accident, since Aetna had paid a claim for a July 1984 accident in which she was involved. The difference, however, was that at the time of the July accident, Gordinier was driving a covered automobile and thus was entitled to coverage under a different clause of the policy.

■ Additionally, Gordinier contends a fact question exists as to the application of the exclusion to her situation. We disagree. The evidence produced below shows that Tina and Shawn had been separated for at least 16 months prior to her accident, and Tina had since moved to her own residence. Each was paying his or her own expenses, and no reconciliation was in the offing. Not only were they not residents of the same household at the time of the accident, but also neither one was living in the household they had established while they were together. Under the factors listed in *Mid-Century Insurance Co. v. Duzykowski, supra*, it cannot be said a fact question exists as to whether or not Tina was a resident of the same household as Shawn. See also *State Farm Mutual Automobile Insurance Co. v. Johnson*, 151 Ariz. 591, 729 P.2d 945 (1986).

## APPEAL AGAINST WESTERN AMERICAN AND ITS AGENTS

■ Appellant contends that a fact question exists with regard to the summary judgment entered in favor of Western American Insurance Agency and its employee Jean Gordinier in her action against them for misrepresentation and bad faith. We disagree. Gordinier was unable to produce any evidence below that would support a cause of action for misrepresentation against either Western American or Jean Gordinier. The evidence that was produced showed that Jean Gordinier was only a clerical employee at Western American and had no authority to act as an insurance agent. The evidence also showed she did not act as an insurance agent with regard to the policy in issue.

Both summary judgments are affirmed. Each party is to bear its own costs on appeal.

HATHAWAY, C.J., and HOWARD, P.J., concur.