778 P.2d 1333

The **AETNA CASUALTY AND SURETY COMPANY**, a Connecticut corporation, Petitioner, Cross–Real Party in Interest,

v.

**SUPERIOR COURT** of the State of Arizona, In and For the **COUNTY OF MARICOPA**, Honorable **William P. Sargeant III**, a judge thereof, Respondent Judge,

Tina **GORDINIER**, Real Party in Interest, Cross–Petitioner.

No. 1 CA–SA 88–266.

Court of Appeals of Arizona, Division 1, Department C.

March 30, 1989.

Review Denied Sept. 19, 1989.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Thomas J. Shorall Jr., William J. Downey, Phoenix, for petitioner Aetna Cas. and Sur. Co.

Law Offices of Frederick C. Creasy Jr. by Frederick Creasy Jr., David W. Hume, Scottsdale, for cross-petitioner/real party in interest Tina Gordinier.

## OPINION

HAIRE, Judge.

Petitioner, The Aetna Casualty and Surety Company, ("the insurance company") has filed this special action petition seeking review of the trial court's denial of its motion for summary judgment on Tina Gordinier's ("the plaintiff") breach of contract and bad faith claims against it. The

insurance company contends that as a matter of law its conduct cannot constitute bad faith because it had a reasonable basis for denying coverage, as evidenced by the fact that two Arizona courts agreed with the insurance company that the plaintiff was not covered under the policy.

The plaintiff/cross-petitioner has requested review of the trial court's denial of her motion to compel production of documents.

On January 10, 1989, we entered an order accepting jurisdiction and granting relief to the insurance company on the bad faith issue. This opinion sets forth the reasons for our order.

## FACTS

Plaintiff and her husband purchased insurance for their car. Plaintiff's husband was the "named insured" on the policy. Both plaintiff and her husband were listed as covered drivers. The policy contained provisions that limited coverage to the named insured, the spouse if residing in the same residence, any family member residing in the same residence as the named insured, and any person occupying a covered vehicle. Thus plaintiff was covered by the policy as long as she lived in the same residence as her husband or the accident involved the covered vehicle.

After the policy was issued plaintiff and her husband separated. Thereafter, the policy was renewed and another vehicle was added by endorsement. Plaintiff was subsequently involved in an accident while riding on an uninsured motorcycle belonging to a friend. The other vehicle involved in the accident was underinsured.

Plaintiff made a claim on the policy under its uninsured and underinsured provisions. Agents of the insurance company investigated her claim by speaking with her husband, his mother, and an eyewitness to the accident, as well as reviewing the police report regarding the accident. The insurance company agents did not attempt to speak with the plaintiff. The insurance company denied plaintiff's claim on the grounds that she was not a covered person

under the policy because she did not reside with the named insured.

After denial of coverage plaintiff filed an action against the insurance company alleging bad faith and breach of contract, among other claims. The trial court granted the insurance company's motion for summary judgment, finding that the plaintiff was not a covered person under the policy. Plaintiff appealed from that judgment. This court, Division 2, affirmed the summary judgment entered by the trial court. 154 Ariz. 262, 742 P.2d 273. On review, the supreme court reversed the court of appeal's decision, finding that a factual question existed as to the plaintiff's reasonable expectations regarding her coverage by the policy. 154 Ariz. 262, 742 P.2d 277.

After the supreme court issued its opinion in the matter, and without awaiting a trial on the merits of the factual question found by the supreme court, the insurance company paid to plaintiff the policy limits on both the uninsured and underinsured provisions of the policy. The insurance company then moved for summary judgment on the plaintiff's remaining claims. The plaintiff moved to compel production of the insurance company's entire claims file. The trial court granted the insurance company's motion for summary judgment as to all of the claims except for the breach of contract claim and the bad faith claim. The court denied the plaintiff's motion to compel production of documents.

## JURISDICTION

We generally decline to accept jurisdiction over cases seeking review of orders denying summary judgment. *United States v. Superior Court In and For Maricopa County*, 144 Ariz. 265, 697 P.2d 658 (1985). However, we will accept jurisdiction when the question presented is a pure issue of law which can be decided at this stage of the litigation and when our decision will terminate the litigation. *Id.; Lim v. Pima County Superior Court*, 126 Ariz. 481, 616 P.2d 941 (App.1980). We accept jurisdiction in this case because the primary issue presented, whether the con-

duct of the insurance company can constitute bad faith, is purely an issue of law which can be decided without additional proceedings. Additionally, our decision will limit further extended litigation in this already protracted legal proceeding.

## THE BAD FAITH CLAIM

■ The plaintiff contends that the insurance company acted in bad faith by failing to adequately investigate her claim before it denied coverage. The plaintiff correctly notes that an incomplete pre-denial investigation of an insured's claim can expose the insurance company to liability for bad faith. *See Rawlings v. Apodaca*, 151 Ariz. 149, 160, 726 P.2d 565, 576 (1986). She argues that the question of whether the insurance investigation was adequate or was an act of bad faith is a disputed issue of fact and therefore summary judgment is not appropriate.

■ An insurance company's failure to adequately investigate only becomes material when a further investigation would have disclosed relevant facts. *Pace v. Insurance Co. of North America*, 838 F.2d 572, 584 (1st Cir.1988) ("Although an insurer's subjective bad faith may be inferred from a flawed investigation, an improper investigation, standing alone, is not a sufficient cause for recovery if the insurer in fact had an objectively reasonable basis to deny the claim."); *see also Blue Cross And Blue Shield of Alabama v. Granger*, 461 So.2d 1320, 1325 (Ala.1984) ("[I]f the intentional failure to determine the existence of a lawful basis is relied upon, [for showing bad faith] the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.") *Winburn v. Insurance Co. of North America*, 287 S.C. 435, 339 S.E.2d 142, 147 (Ct.App. 1985) (To prove claim of bad faith and unreasonable failure to investigate, plaintiff must demonstrate unreasonable action in processing claim.) The plaintiff here has not advised this court, specifically or otherwise, concerning what additional pertinent facts would have been determined by any further investigation. Therefore she has failed to establish that the insurance company's pre-denial investigation could amount to bad faith.

■ What the plaintiff fails to recognize is that there are times when the issue of bad faith is not a question appropriate for determination by the jury. *See Lasma Corp. v. Monarch Insurance Co. of Ohio*, 159 Ariz. 59, 764 P.2d 1118 (1988). "The tort of bad faith only arises when an insurance company intentionally denies or fails to process or pay a claim without a reasonable basis for such action." *Lasma*, 159 Ariz. at 63, 764 P.2d at 1122, *citing Rawlings v. Apodaca*, 151 Ariz. at 156, 726 P.2d at 572. Whether the insurer ultimately loses its dispute with the insured is not important to the resolution of the bad faith issue. Even if ultimately wrong, if a reasonable basis existed for denying the claim, the insurer cannot be liable for bad faith. *See Pace v. Insurance Co. of North America*, 838 F.2d 572 (1st Cir.1988); *Blue Cross & Blue Shield of Ky. v. Whitaker*, 687 S.W.2d 557 (Ky.Ct.App.1985).

In this case the insurance company had a reasonable basis for denying the claim, and its investigation was clearly adequate. The language of the policy unquestionably excluded the plaintiff from coverage. The trial court agreed that the plaintiff was not covered under the policy, as did this court. The supreme court reversed on other grounds. Regardless of the eventual outcome of this question on appeal, the fact that two courts agreed that plaintiff was not covered by the policy, after hearing the arguments of counsel for both parties, clearly demonstrates that the insurance company had a reasonable basis for denying the claim. *State Farm v. Bass*, 231 Ga. 269, 201 S.E.2d 444 (1973). Therefore the insurance company cannot be liable for bad faith, and the issue should not be presented to the jury. The insurance company's conduct in this case as a matter of law did not constitute bad faith.

## THE CONTRACT CLAIM

■ The only other issue remaining in plaintiff's action against the insurance com-

pany is the breach of contract claim. In her cross-petition for special action, the plaintiff concedes that the only issue still to be resolved is whether the insurance company is obligated to pay prejudgment interest on the amounts paid to the plaintiff under the policy. The insurance company's petition for special action did not address this issue. Therefore, we decline to grant relief on the trial court's denial of summary judgment on the breach of contract claim.

## THE MOTION TO COMPEL

Plaintiff asks this court to reverse the trial court's denial of her motion to compel and order the insurance company to produce all of the contents of its claims file. We have considered the arguments of counsel on this issue and have reviewed the record presented to this court, and we find no abuse of the trial court's discretion on this issue.

## CONCLUSION

The trial court's denial of summary judgment on the breach of contract claim and its denial of the motion to compel are affirmed. The trial court's order denying summary judgment on the bad faith issue is vacated and this matter remanded with directions to enter summary judgment in favor of the insurance company on that claim. In view of this court's decision on the bad faith claim, the trial court shall reconsider the insurance company's request for attorney's fees incurred in the trial court proceedings.

SHELLEY, P.J., and GREER, J. (Retired), concur.