**Walter HEYERT, husband; Jane Heyert, wife, Plaintiffs–Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant——Appellee.**

**Walter Heyert, husband; Jane Heyert, wife, Plaintiffs–Appellees,**

v.

**State Farm Mutual Automobile Insurance Company, Defendant–Appellant.**

**No. 00–16792, 00–16958.**

**D.C. No. CV–98–01503–RCB.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 2, 2002.

---

Before KOZINSKI, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM *

Walter and Jane Heyert appeal the district court's grant of partial judgment on the pleadings and partial summary judgment in favor of State Farm. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We raise sua sponte whether the Heyerts' notice of appeal limits the scope of the Heyerts' appeal only to the district court's denial of the Heyerts' Rule 59 motion. We have jurisdiction to consider an appeal from the underlying judgment because the Heyerts' timely Rule 59(e) motion tolled the time period for filing a notice of appeal. Fed. R.App. P. 4(a)(4). The only question is whether the underly-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing order is properly before us because Federal Rule of Appellate Procedure 3(c) requires that the notice of appeal "designate the judgment, order, or part thereof being appealed."

■ Generally, "[a] mistake in designating the order being appealed is not fatal 'as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake.'" *McCarthy v. Mayo,* 827 F.2d 1310, 1314 (9th Cir.1987) (citation omitted); *see also Ward v. San Diego County,* 791 F.2d 1329, 1331 (9th Cir.1986) (notice of appeal citing Rule 59 decision serves as appeal from the final judgment). The Heyerts' intent to appeal the underlying judgment is fairly inferred from the notice, and State Farm suffered no prejudice because: (1) the opening brief addressed the underlying decision, and (2) State Farm fully briefed the issues. Consequently, we review both the underlying and post-judgment decisions.

The Heyerts have moved for judicial notice of newly discovered evidence—a memorandum from Francis Comella and a letter from D.B. Udall—that was recently produced in a related class action lawsuit. Neither of those documents was before the district court. The motion is DENIED. *See Kemlon Prods. & Dev. Co. v. United States,* 646 F.2d 223, 224 (5th Cir.1981).

■ The Heyerts contend that the district court erroneously granted judgment on the pleadings to State Farm. We review the district court's partial judgment on the pleadings de novo, *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999), and we affirm. The district court properly dismissed the Heyerts' claim that State Farm acted in bad faith when it asserted a statute of limitations defense to the Heyerts' 1997 letter demanding that the policies be stacked. Under Arizona law, an insurer is not liable for bad faith if its position was fairly debata-

ble. *See Noble v. National Am. Life Ins. Co.,* 128 Ariz. 188, 624 P.2d 866 (1981) (en banc). State Farm took the position that its payment in 1989 under one policy amounted to an unequivocal denial of payment under the other policies, thus triggering the running of the statute of limitations. We agree with the district judge that State Farm's position was erroneous, but not frivolous. In the absence of controlling authority to the contrary, State Farm's assertion of the statute of limitations was fairly debatable.

■ Secondly, the Heyerts appeal the district court's grant of summary judgment in favor of State Farm with regard to stacking. We review the district court's grant of summary judgment de novo. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). State Farm's failure to stack the policies in 1989 did not constitute bad faith as a matter of law. This is because as late as 1994, the Arizona Court of Appeals had held in *State Farm Mut. Auto. Ins. Co. v. Lindsey,* 180 Ariz. 456, 885 P.2d 144 (1994), that stacking was not required. *See Aetna Cas. & Sur. Co. v. Superior Court,* 161 Ariz. 437, 778 P.2d 1333, 1336 (1989); *Tobel v. Travelers Ins. Co.,* 195 Ariz. 363, 988 P.2d 148, 156 (1999).

The Heyerts assert that *Zilisch v. State Farm Mut. Auto. Ins. Co.,* 196 Ariz. 234, 995 P.2d 276 (2000), requires a jury trial to determine whether an insurance company's position is fairly debatable. *Zilisch* is inapposite here. It concerned allegations of unreasonable claims handling, not a question of contractual coverage that can be decided as a matter of law. The Heyerts further argue that there are genuine issues of material fact, but the record does not support that contention.

We AFFIRM the judgment in favor of State Farm, and DENY as moot State Farm's motion to strike portions of the

Heyerts' opening brief and excerpts of record.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.