■ ILLINOIS UNION INSURANCE CO. et al., Appellants-Respondents, v GRANDVIEW PALACE CONDOMINIUMS ASSOCIATION, Respondent-Appellant. (And Other Actions.) [65 NYS3d 5]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered December 12, 2016, which denied plaintiffs' motion for summary judgment declaring that they are not obligated to provide coverage under the policies for defendant's loss caused by a fire, and denied defendant's cross motion for summary judgment dismissing the claims arising under the protective safeguards endorsement or based on its alleged material misrepresentations in its insurance applications, unanimously modified, on the law, to grant plaintiffs' motion and declare that they are not obligated to cover defendant's loss, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The property insurance policy issued to defendant by plaintiff Illinois Union Insurance Company contained a protective safeguards endorsement (PSE) that unambiguously required as a condition of insurance that defendant maintain automatic sprinkler systems in complete working order in all buildings in its multi-building condominium complex. The investigation into the fire that spread through the complex causing extensive damage determined, inter alia, that some of the buildings did not have sprinkler systems and others had only limited sprinkler systems and not all of them were working properly. Illinois Union, the primary insurer, and Great American Insurance Company of New York, the excess insurer, denied coverage for the loss on the ground that defendant failed to comply with the PSE.

We reject defendant's attempts to create ambiguity in the PSE where none exists (*see Slattery Skanska Inc. v American Home Assur. Co.*, 67 AD3d 1, 14 [1st Dept 2009]), for example, by arguing that the multiple buildings in the complex are actu-

ally multiple coverage locations, so that the absence of sprinklers in one building does not mean that coverage is excluded for all buildings with sprinklers.

We reject defendant's attempts to create coverage where none exists under the policy by arguing that plaintiffs waived the PSE or are otherwise estopped to invoke it (see *Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]; *Matter of U.S. Speciality Ins. Co. [Denardo]*, 151 AD3d 1520 [3d Dept 2017]).

Defendant argues that Great American should be precluded from enforcing the PSE because the addition of the PSE to the excess policy materially changed the excess policy, and defendant received no consideration for the change. Our review of the relevant policies finds no support for this argument. Primary insurance coverage was initially provided to defendant by nonparty Aspen American Insurance Company. Illinois Union replaced the coverage after Aspen cancelled its policy. Both the Aspen and the Illinois Union policies contained the requirement of fully functional sprinkler systems in all buildings in defendant's complex. Even if we were to find that there was a material change in coverage, we would conclude that Great American provided sufficient consideration to defendant by not cancelling its excess policy, as it had the right to do, when Aspen cancelled its primary policy (see *All Terrain Props. v Hoy*, 265 AD2d 87, 94 [1st Dept 2000]). Concur—Richter, J.P., Mazzarelli, Kahn and Moulton, JJ.