**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID CLARK, | No.  16-16880 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02211-SPL |
| v. | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA and GALLAGHER BASSETT SERVICES, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted February 5, 2018
San Francisco, California

Before:  D.W. NELSON, TASHIMA, and CHRISTEN, Circuit Judges.

David Clark appeals from the district court's grant of summary judgment to

defendants Indemnity Insurance of North America and Gallagher Bassett Services,

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Inc.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand for further proceedings.

1. Clark argues that Indemnity acted in bad faith by denying his January claim without reviewing his medical records, as opposed to a summary of them. "[A]n incomplete pre-denial investigation of an insured's claim can expose the insurance company to liability for bad faith," but the inadequacy of the investigation has to be material.  *Aetna Cas. & Sur. Co. v. Superior Court*, 778 P.2d 1333, 1336 (Ariz. Ct. App. 1989).  Clark does not explain how examination of his medical records, rather than a summary of them, might have revealed facts supporting coverage for his neck injury under the January claim.  We therefore affirm the district court's dismissal of this part of Clark's claim.

Moreover, Indemnity had ample reason to reject the January claim.  Clark raised his injury more than a month after it was allegedly sustained and informed the hospital where the fusion surgery was performed that his injury was not suffered in the course of his employment.  Besides casting doubt on whether the cervical injury was compensable as work-related, Clark's decision to use his own group health insurance policy deprived Tressler of easy access to his medical records.  The Employer's Report of Industrial Injury which stated that Clark

---

[1] As the parties are familiar with the facts, we do not recount them here.

sustained a "blown disk in unknown area of back due to unknown cause" did not clarify matters. On the basis of what was known at that time, and with a statutory deadline looming, Indemnity's denial of Clark's January claim could not have been unreasonable. *See Deese v. State Farm Mut. Auto. Ins. Co.*, 838 P.2d 1265, 1268 (Ariz. 1992). We therefore find no error in the district court's dismissal of this part of Clark's claim.

2. Although it is a close call, we are persuaded that a rational jury could return a verdict for Clark based on Indemnity's conduct after learning of the nexus between the neck injury and his November claim. While an insurer is not required to advise the insured of every fact or provision that may be applicable to him to her, "the duty of good faith encompasses some obligation to inform the insured about the extent of coverage and his or her rights under the policy and to do so in a way that is not misleading." *Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co.*, 277 P.3d 789, 800 (Ariz. Ct. App. 2012) (citations omitted). Clark asserts that he sought to "consolidate [his claim] in order to obtain coverage" and there is evidence he did. For example, Tressler noted on July 24, 2013, that Clark "[wa]s now alleging that he had cervical pain/injury after his 11/21 thumb injury." As of that date, Tressler knew that the Independent Medical Examination had associated the neck injury and the November industrial accident, and that Clark had requested

consolidation of his insurance claims. Thus, even if Tressler was not at liberty to "speculate" on how Clark wished his claim for benefits to be handled, jurors could decide that she could and should have inquired. She did not, and this omission precludes summary judgment.

Indemnity suggests that coverage under the November accident claim could have been properly rejected because "Indemnity's investigation . . . revealed that Clark had prior cervical claims, despite Clark's original representation that he had never injured his cervical spine before this claim." The documents cited in its appellate brief, however, do not show when Tressler became aware of Clark's prior medical history. We thus reverse the grant of summary judgment in favor of Indemnity on this part of Clark's claim.

3. Clark also contends that Indemnity's delay in paying benefits after they were awarded by the Industrial Commission of Arizona amounted to bad faith. This delay, however, is at least equally attributable to Clark's attorney who provided the debt collector with the claim number for the January accident claim—which had been denied as moot—rather than the claim number for the November accident claim under which benefits were to be paid. Indemnity moved quickly to settle the debt collection action brought against Clark once it became aware of the lawsuit.

4. Finally, Clark's appellate brief does not "specifically and distinctly" raise any objection to the district court's grant of summary judgment to Gallagher. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (citations omitted). Hence, any such argument is waived, and we affirm the grant of summary judgment to Gallagher.

**AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear his or its own costs on appeal.**