

**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STONE & KELSO, LLC, an Arizona limited liability corporation, | No. 22-16648 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-00160-JCH |
| v. | |
| ALLIED INSURANCE COMPANY, an Ohio corporation, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| R.P. RYAN INSURANCE, INC., an Arizona corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted October 19, 2023[**]
Phoenix, Arizona

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Stone & Kelso, LLC (Stone) appeals an order of the district court that granted summary judgment to Allied Insurance (Allied) on Stone's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith under Arizona law. We have jurisdiction, 28 U.S.C. § 1291, and affirm.

Allied's denial of Stone's claim because Stone failed to comply with Section A of the policy's Protective Safeguard Endorsement did not breach the insurance contract. Arizona law requires fire insurance policies to conform to the 1943 New York Standard Fire Policy (Standard Policy), Ariz. Rev. Stat. 20-1503(A), so "we may look to New York law and treatises for guidance" to determine whether an insured claim is covered by the Standard Policy, *Stankova v. Metro. Prop. & Cas. Ins. Co.*, 788 F.3d 1012, 1015 (9th Cir. 2015). Section A is valid under Arizona law, because it is a warranty that conditions coverage on the insured maintaining a protective safeguard, which is consistent with the Standard Policy. *See e.g.*, *Nunez v. U.S. Underwriters Ins. Co.*, 921 N.Y.S.2d 462, 465 (N.Y. Sup. Ct. 2011); *Ill. Union Ins. Co. v. Grandview Palace Condos Ass'n*, 65 N.Y.S.3d 5, 6 (N.Y. App. Div. 2017). Therefore, Section A is not, as Stone claims, an exclusion that is

inconsistent with the Standard Policy. Moreover, consistent with the Standard Policy, Allied could validly deny Stone's claim because Stone violated the warranty by failing to maintain a compliant fire alarm system in the insured building, and that violation materially increased the risk of the harm from fire, regardless of whether it prevented the fire that actually occurred. *See Star City Sportswear, Inc. v. Yasuda Fire & Marine Ins. Co. of Am.*, 2 N.Y.3d 789, 790 (N.Y. 2004); *Triple Diamond Cafe, Inc. v. Those Certain Underwriters at Lloyd's London*, 3 N.Y.S.3d 46, 49 (N.Y. App. Div. 2015).

Allied did not waive Stone's non-compliance with Section A by failing to return premiums that Allied accepted before it knew of Stone's non-compliance. *See Manzanita Park, Inc. v. Ins. Co. of N. Am.*, 857 F.2d 549, 555–56 (9th Cir. 1988). Moreover, Stone has not cited any authority in support of its contention that Allied was required to return such premiums.

Because Allied validly denied coverage under Section A, it is irrelevant whether (1) Stone knew or should have known that there was no compliant fire alarm system in the building, as required by Section B, or (2) Stone's application for insurance included a misrepresentation that would allow Allied to deny coverage under section 20-1109 of the Arizona Revised Statutes.

3

Therefore, Allied did not breach the insurance contract by denying Stone's insurance claim.[1]

Nor did Allied breach the implied duty of good faith and fair dealing or act in tortious bad faith while processing Stone's insurance claim. *See Clearwater v. State Farm Mut. Auto. Ins. Co.*, 792 P.2d 719, 723 (Ariz. 1990) (good faith and fair dealing); *Rawlings v. Apodaca*, 726 P.2d 565, 579 (Ariz. 1986) (tortious bad faith). Allied reasonably denied the claim after multiple experts determined that there was no compliant fire alarm system in the building and after it determined that Section A had not been held to be invalid under Arizona law. *See Aetna Cas. & Sur. Co. v. Sup. Ct.*, 778 P.2d 1333, 1336 (Ariz. Ct. App. 1989). Given the absence of case law, as well as the district court's conclusion and our holding that Section A is valid, Stone's claim was at least "fairly debatable after an adequate investigation." *Rawlings*, 726 P.2d at 572 (internal quotation marks omitted); *see also Aetna*, 778 P.2d at 1336. Because Stone's belief that there was a compliant

---

[1] In its briefs, Stone states without explanation or legal authority that Section A "[i]s a condition subsequent—not a condition precedent," that Section A did not necessarily preclude coverage because it is phrased as discretionary, that Section B is ambiguous, and that a mutual mistake of fact about the existence of a compliant fire alarm system required Allied to pursue rescission of the policy. We do not address these undeveloped arguments, *see United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995), several of which were forfeited because they were raised for the first time in the reply brief, *see Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

4

fire alarm system was irrelevant to the denial of Stone's claim, Allied acted reasonably in not considering it. *See Aetna*, 778 P.2d at 1336.

**AFFIRMED.**