699 P.2d 1302

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, Hon. Philip Fahringer, a judge thereof, Respondents,**

and

**Joanne CARLO, Real Party in Interest.**

**No. 2 CA–SA 0160.**

Court of Appeals of Arizona, Division 2.

Dec. 11, 1984.

Review Denied Feb. 26, 1985.

Robert K. Corbin, Atty. Gen. by Sara S. Wisdom, Tucson, for petitioner.

Child Rights, Inc. by Edith A. Croxen, Tucson, for minor.

Paul F. Tosca, Jr., Tucson, for real party in interest.

## OPINION

HOWARD, Judge.

This special action is taken from an order of the respondent court refusing to review the record of dependency hearings held before a juvenile court referee and instead setting the matter for a trial de novo. Because we believe the trial court abused its discretion, and because petitioner is without an adequate remedy by appeal, we assume jurisdiction and grant relief.

On April 9, 1984, the Department of Economic Security filed a dependency petition alleging that the juvenile, a ten-year-old boy, was a dependent minor. He was made a temporary ward of the court on April 10, 1984. On June 1 and June 21, the court held a dependency hearing and found him to be dependent under A.R.S. §§ 8–201, et seq. Custody was awarded to DES, and his physical placement was in foster care. On October 11, the chief referee of the Pima County Juvenile Court held a dependency review hearing at which several witnesses testified and which ended with the referee making his dispositional recommendation. The recommendation was to continue the placement of the child in foster care.

On October 19, the respondent mother filed a notice of appeal of the referee's recommendation pursuant to A.R.S. § 8–231.01, the specific issue raised being whether the evidence was sufficient to support the recommendation of the referee. The mother also filed a motion requesting that the court order the transcript of the dependency review hearing held before the referee. The respondent judge stated on the record that he was not going to order a transcript of the hearing before the referee and instead set the matter for a trial de novo on October 30, 1984. That trial de novo has been stayed pending the resolution of this special action.

Both the natural mother and the respondent court have filed responses to the special action, both maintaining that A.R.S. § 8–231.01(C) provides the authority for a juvenile court judge's refusal to order a transcript of the proceedings before a referee. That statute provides:

"On appeal from a hearing before a referee, a transcript of the proceeding may be ordered either by the referee before whom the hearing was held or the juvenile judge."

They argue that since the statute uses the word "may" and does not say the juvenile court judge "shall" order transcripts, the court cannot be deemed to have abused its discretion when it elected not to order one. However, A.R.S. § 8–231.02 states:

"A. An appeal from the recommendation of a juvenile court referee shall be

Error

on the record of proceedings if such record includes a transcript of the proceedings. Trial de novo shall be granted in all appeals wherein a transcript of the proceedings has not been maintained.... The condition of the record shall be subject to review by the juvenile judge who may grant trial de novo based upon the court's evaluation of the sufficiency and condition of the record.

B. After trial de novo or a review of the record, the juvenile judge shall enter a final order of the juvenile court."

When the two statutes are read together, it would appear that the language in A.R.S. § 8-231.01(C) is only an attempt to expedite the preparation of the transcript, enabling either the referee before whom the hearing was held or the juvenile judge to order the transcription of the proceedings to allow for a further review under A.R.S. § 8-231.02. We do not believe that the use of the word "may" in that subsection relates to whether a juvenile judge has the discretion to refuse to order a transcription of the proceedings if one is available. Under § 8-231.02, the appeal *shall* be on the record if the record includes a transcript of the proceedings. The only question is whether a transcript is available.

The language of the statute is unambiguous and must be given effect without resort to other rules of statutory construction. *Balestrieri v. Hartford Accident & Indemnity Insurance Company*, 112 Ariz. 160, 540 P.2d 126 (1975). A.R.S. §§ 8-231.02 and 8-231.01 have two different purposes: the former, to permit expeditious preparation of the transcripts, and the latter, to delineate the circumstances under which review is to be de novo, i.e., if there is no record or an insufficient record of the proceedings before the referee. The testimony here is apparently available on the record and will not have to be repeated by all the witnesses.

The order of the trial court refusing to order a transcript of the proceedings before the referee and setting a trial de novo is vacated, and the case is remanded for further proceedings in accordance with this court's opinion.

BIRDSALL, C.J., and HATHAWAY, J., concur.