741 P.2d 328

**ROLLER VILLAGE, INC., a Nebraska corporation; Roller World of Delaware, Inc., a Delaware corporation; and Rencor, Ltd., a Delaware corporation, Petitioners,**

v.

**SUPERIOR COURT OF the State of ARIZONA, In and For the COUNTY OF MARICOPA; Honorable Robert L. Gottsfield, a judge thereof, Respondent Judge.**

**Sylvia Keppy DOW, a single woman, Real Party in Interest.**

**No. 1 CA–SA 126.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 11, 1987.

Jones, Skelton & Hochuli by Mark D. Zukowski, Phoenix, for petitioners.

Frederick F. Stannard, Phoenix, for real party in interest.

## OPINION

HAIRE, Chief Judge.

On March 23, 1987, we issued our order accepting jurisdiction in this special action proceeding, stating that a disposition on the merits of the relief requested would be set forth in a subsequent written decision. For the reasons stated in this opinion, we now grant the relief requested by the petitioners.

This proceeding involves issues relating to A.R.S. § 12–504, enacted in 1986, and sometimes referred to as the "saving" statute. In essence, the statute provides that certain actions, which have been dismissed and by reason of such dismissal are barred by the statute of limitations, may be "saved" by refiling them within a limited period of time after the dismissal.

In this case, the trial court entered its order of dismissal for lack of prosecution on January 21, 1985. The real party in interest, Ms. Dow, then filed a timely appeal from the dismissal. While the appeal was pending, A.R.S. § 12–504 was enacted and became effective on July 24, 1986. Thereafter, on October 20, 1986, this court issued its mandate, including a memorandum decision affirming the order of dismissal. Shortly before the issuance of this court's mandate, Dow refiled her complaint, seeking to avoid the expired statute of limitations by taking advantage of the provisions of the newly enacted saving statute, A.R.S. § 12–504.

Petitioners filed a motion to dismiss the refiled complaint, contending that the statute was not applicable because the order dismissing Dow's action had been entered before the effective date of the new statute. The trial judge, finding that the statute was applicable, denied petitioners' motion to dismiss. Petitioners now seek special action relief from that order.

Although we find subsection (E) of the statute primarily dispositive, in order to appropriately analyze the provisions of that

subsection, we find it necessary to consider in some detail other pertinent provisions of the statute.[1] Subsection (A) allows refiling relating to two different categories of dismissals so as to avoid the bar of the applicable statute of limitations. Under the first sentence of subsection (A), within six months of termination by dismissal, a plaintiff has the right to refile where the dismissal was for any reason other than "by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits." If the dismissal falls within the first sentence of subsection (A), the statutory right to refile given to a plaintiff is not subjected to the exercise of any discretion on the part of the trial judge.

 The second sentence of subsection (A) relates to a different category of dismissals and does not confer an absolute right on a plaintiff, but instead gives the judge discretion to allow a refiling. Thus, under the second sentence where the action is terminated by a dismissal for lack of prosecution as in this case, "the court in its discretion *may* provide a period for commencement of a new action...." A.R.S. § 12–504(A) (emphasis added). By recognizing that the trial court in its discretion may provide a period for commencing a new action, the statute also implies the converse: the court in its discretion may decline to provide a period in which to commence a new action. However, if refiling is permitted by the trial judge, the period may not exceed six months from the date of termination.

When refiling is permitted under subsection (A), it must be accomplished within a maximum of six months "after such termination" or "from the date of termination." When does "termination" occur after a dismissal? Does it occur when the order of dismissal is entered? If it does, the delays inherent in Arizona's appellate practice assure that a plaintiff who appeals from the order of dismissal would not know within six months whether his appeal would be successful. The above questions are answered by the provisions of subsection (B). Subsection (B) makes subsection (A) applicable to judgments on appeal, and provides that the date of issuance of the mandate by the appellate court will constitute the date of termination of the action for the purpose of computing the time limited for commencement of a new action.

 Accordingly, if there is no appeal, an action is terminated upon entry of an order of dismissal by the trial judge. On the other hand, if there is an appeal, termination does not occur until the appellate court issues its mandate. Against this background, we now consider subsection (E), first noting that the dual termination concept discussed above requires a close reading of subsection (E) in order to ascertain the precise legislative intent.

Subsection (E) specifically declares which pending actions are to be affected by the statute. Therefore, to the extent that the statute by its application to some pending actions might be considered to have a retro-

1. In pertinent part, A.R.S. § 12–504 provides:

 "**§ 12–504. Saving of action timely commenced; defense or counterclaim; improper plaintiff; applicability**

 "A. If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

 "B. The provisions of subsection A apply to judgments on appeal. The date of issuance of the mandate by the appellate court constitutes the date of termination of the action for the purposes of computing the time limited for commencement of the new action.

 \* \* \* \* \* \*

 "E. The provisions of this section are applicable to actions terminated by orders of dismissal entered on or after the effective date of this section."

active effect, it does not violate A.R.S. § 1–244.[2] Subsection (E) provides:

"E. The provisions of this section are applicable to actions terminated by orders of dismissal entered on or after the effective date of this section."

Bearing in mind the dual termination concept discussed above, we first note that where there has been no appeal, the subsection clearly limits the applicability of the statute to those actions in which the order of dismissal terminating the prior action is entered on or after the effective date of the statute (July 24, 1986). Since the order of dismissal in this case was entered approximately 18 months prior to the effective date of A.R.S. § 12–504, the saving statute clearly would not be applicable unless a different result is required because of the pending appeal.

■ In discussing subsection (B) of the statute, we have previously noted that for the purposes of computing the time limited for commencement of the new action, an action on appeal is "terminated" on the date of issuance of the appellate court's mandate. If subsection (E) made the statute applicable to "actions *terminated* by orders of dismissal on or after the effective date of the statute," then it would be applicable to this matter, since clearly by reason of the then pending appeal, the prior action was not terminated until after the effective date of the statute. A close reading of subsection (E) reveals, however, that an additional requirement is imposed. To make the saving statute apply, the action must have been terminated by an "order[ ] of dismissal *entered* on or after the effective date of the statute." (Emphasis added). An order is "entered" when it is reduced to writing, signed by the judge, and filed with the clerk. *See* Rules 58(a) and 54(a), Arizona Rules of Civil Procedure. The order of dismissal in this case was entered on January 21, 1985, approximately 18 months before the effective date of the statute. Therefore, although in this case pursuant to subsection (E) the termination of the

prior action occurred after the effective date of the statute, the termination was not the result of an order of dismissal *entered* after the statute became effective. In order to reach the result urged by Dow, we would have to omit or ignore the legislative use of the word "entered." This we cannot do, since we must give effect to all language used in a statute. *Gortarez v. Smitty's Super Valu, Inc.,* 140 Ariz. 97, 103, 680 P.2d 807, 813 (1984).

■ Our determination of the meaning of any statute must begin with the language used by the legislature. We will give the clear language of a statute its usual meaning unless impossible or absurd consequences will result. *In re Marriage of Gray,* 144 Ariz. 89, 91, 695 P.2d 1127, 1129 (1985). If the language of the statute is unambiguous, we will give it effect without resorting to other rules of statutory construction. *Arizona Department of Economic Security v. Superior Court,* 145 Ariz. 71, 73, 699 P.2d 1302, 1304 (App. 1984). Upon close analysis, the language of A.R.S. § 12–504 is clear and unambiguous. Because its language is unambiguous, the statute is not subject to construction or interpretation, *State v. Arnett,* 119 Ariz. 38, 51, 579 P.2d 542, 555 (1978), and clearly is not applicable to Dow's refiled complaint.

■ We therefore reject the trial court's conclusion that the legislative intent as shown in the statute was to make the statute applicable to dismissals pending on appeal when the statute became effective.

■ As an additional basis for his holding, the trial judge stated: "[A]lternatively, the statute does not expressly forbid its application for matters pending on appeal when the statute became effective." In our opinion the language of subsection (E) evidences a clear legislative intent to limit the application of the statute to actions involving orders of dismissal entered on or after the effective date of the statute, even though there is no express lan-

---

**2.** A.R.S. § 1–244 provides:

"No *statute is retroactive unless expressly*

declared therein."

guage precluding its application to orders of dismissal entered at an earlier date. A statute which sets forth the subject or things on which it is to operate will be construed as excluding from its effect those not expressly mentioned. The expression of one or more items of a class in a statute indicates an intent to exclude items of the same class which are not expressed. *Pima County v. Heinfeld*, 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982). This principle is embodied in the familiar doctrine of statutory construction, *expressio unius est exclusio alterius. See Southwestern Iron and Steel Industries, Inc. v. State*, 123 Ariz. 78, 79, 597 P.2d 981, 982 (1979); *State v. Allred*, 102 Ariz. 102, 105–06, 425 P.2d 572, 573–74 (1967). Here, the provision that the statute is applicable to orders of dismissal entered on or after the effective date of the statute constitutes a clear indication of legislative intent that the statute is not applicable to orders of dismissal entered before the effective date.

Since we have determined that A.R.S. § 12–504 was not applicable to the order of dismissal entered in this case, the relief requested by petitioner is granted, and the matter is remanded for dismissal of Dow's refiled complaint.

JACOBSON, P.J., and GREER, J., concur.