NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

TERRI KEMP, a single person, *Plaintiff/Appellant*,

*v.*

KEVIN KEMP, a single person, *Defendant/Appellee*.

No. 1 CA-CV 14-0520
FILED 10-01-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2013-006670
The Honorable Colleen L. French, Judge *Pro Tempore*

**REVERSED AND REMANDED**

---

COUNSEL

Clifford I. Levenson, Attorney at Law, Phoenix
By Clifford I. Levenson
*Counsel for Plaintiff/Appellant*

Charles Hultstrand P.C., Mesa
By Charles Hultstrand
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Patricia K. Norris joined.

---

**K E S S L E R**, Presiding Judge:

**¶1**          Plaintiff/Appellant Terri Kemp ("Terri") appeals the superior court's dismissal of her civil complaint against Defendant/Appellee Kevin Kemp ("Kevin").  For the following reasons, we reverse the dismissal and award of attorneys' fees and costs to Kevin, and remand to the superior court to reinstate the complaint and for further proceedings consistent with this decision.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**          After a family court presiding over the Kemps' divorce proceedings determined that Kevin owed a debt to the Estate of Opal F. Buzan ("Estate") and that the Estate must pursue repayment, Terri, in her capacity as the personal representative of the Estate commenced an action against Kevin in probate court for breach of an oral contract and fraud.  *See* Arizona Revised Statutes ("A.R.S.") section 12-543(1), (3) (2003).[1]

**¶3**          In February 2012, Terri as personal representative of the Estate, assigned to herself, as an individual, the Estate's claims against Kevin. She was substituted as the plaintiff for the contract claim, and joined as a plaintiff for the tort claim. The probate court then determined that because the fraud tort was economic only, it was assignable and had been assigned to Terri.  The court concluded that the Estate no longer had an interest in the action, was no longer a party, and the court dismissed the probate case without prejudice in a signed ruling dated October 5, 2012, stating that Terri could file a civil action.  The order of dismissal was entered by the superior court clerk on October 23, 2012.

**¶4**          Terri and the Estate appealed the probate court's order of dismissal.  In February 2013, this Court issued an order ruling that because

---

[1] We cite to the current language of statutes unless the language has been amended since the underlying events in a manner which would affect resolution of the appeal.

the order of dismissal by the probate court was without prejudice, Terri in her personal capacity could not appeal but Terri could file a new action in her own name and it appeared that such a claim would not be barred by the statute of limitations. Terri then filed the complaint in this civil matter on April 19, 2013. On April 4, 2014, this Court filed an order dismissing the Estate's appeal from the probate court order for lack of jurisdiction because the probate court's order of dismissal was without prejudice. We then issued an order awarding Kevin attorneys' fees and costs in the probate appeal, and on May 8, 2014, the clerk of this Court sent a letter to the clerk of the superior court informing the superior court that the probate appeal had been dismissed.

¶5         Once the probate appeal was dismissed, Kevin moved for dismissal of Terri's civil action pursuant to Arizona Rule of Civil Procedure 12(b). He asserted that her claims had accrued in February 2009, and thus, the statute of limitations expired in February 2012 barring the claims. In response, Terri asserted that her complaint was timely because of the applicability of the savings statute, A.R.S. § 12-504 (2003).

¶6         The superior court dismissed the civil complaint with prejudice. Terri filed a notice of appeal. The superior court entered a signed judgment in favor of Kevin including an award of attorneys' fees and costs in July 2014. Terri filed an amended notice of appeal.

¶7         Because we determined the judgment in the instant case was non-final because it lacked certification under Arizona Rule of Civil Procedure 54(c) that "no further matters remain pending," we stayed the appeal and revested jurisdiction in the superior court to permit the entry of a final judgment including Rule 54(c) language. Pursuant to former Arizona Rule of Civil Appellate Procedure ("ARCAP") 9.1, we ordered that the appeal would be automatically reinstated if the Rule 54(c) judgment was entered by a specific date.[2]

---

[2] ARCAP 9.1 was abrogated effective January 1, 2015. The rule permitted this Court to "suspend the appeal and revest jurisdiction in the superior court for the purpose of allowing it to consider and determine specified matters." In addition, the rule provided that this Court's "order may include other terms and conditions, such as a date certain for automatic reinstatement of the appeal." ARCAP 9.1.

**¶8** On October 16, 2014, the superior court entered a final signed judgment with Rule 54(c) language. The appeal was automatically reinstated. Terri did not file an amended notice of appeal.

## DISCUSSION

**¶9** The issue on appeal is whether the superior court erred by dismissing Terri's complaint as time barred in violation of the savings statute, A.R.S. § 12-504. We review de novo orders granting motions to dismiss under Arizona Rule of Civil Procedure 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). We review de novo issues involving statutory construction and interpretation. *Hoffman v. Chandler*, 231 Ariz. 362, 364, ¶ 8, 295 P.3d 939, 941 (2013). If the language of a statute is clear and unambiguous, we apply the plain language of the statute which is the best indication of the legislature's intent. *Kent K. v. Bobby M.*, 210 Ariz. 279, 283, ¶ 14, 110 P.3d 1013, 1017 (2005).[3]

## I.     Appellate Jurisdiction

**¶10** As an initial matter, Kevin suggests we lack jurisdiction of the appeal because Terri did not file an amended notice of appeal from the October 16, 2014 final judgment. Kevin relies on ARCAP 9(b)(2)(B) which provides that if a notice of appeal is filed before tolling motions are filed or while such motions are pending, we will suspend the appeal to allow the superior court to rule on the motions and reinstate the appeal when the last such motion is resolved. That rule further provides that if an appellant desires to appeal from the order resolving the tolling motions, the appellant "must file an amended notice of appeal" from the order resolving the last tolling motion. ARCAP 9(b)(2)(B). Because Terri did not file an amended notice of appeal from the October 16, 2014 Rule 54(c) judgment, Kevin suggests we lack jurisdiction over the appeal. We disagree.

**¶11** First, former ARCAP 9(b), which corresponds to current ARCAP 9(e), does not apply in this situation.[4] That subsection applies to the filing of certain enumerated substantive post-judgment motions that toll the time to appeal and are not at issue here. *See* ARCAP 9(e) (specifying

---

[3] The statute of limitations for commencing actions is three years for breach of an oral contract, A.R.S. § 12-543(1), and for fraud, A.R.S. § 12-543(3).

[4] ARCAP 9 was amended effective January 1, 2015 and does not retain the same subsection structure, but for our purposes here is substantively the same as the 2014 version of the rule.

certain substantive motions, which if filed, extend the time for filing an appeal and may require an amended notice of appeal).

¶12 Second, former ARCAP Rule 9(b)(2)(B), which corresponds to current ARCAP 9(c), provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry of the judgment or order." This is exactly what occurred. Terri filed a notice of appeal and an amended notice of appeal from the signed judgment dismissing the complaint and the signed judgment awarding Kevin attorneys' fees. However, those notices were premature because the judgments were not appealable unless they included Rule 54(c) certification. Once the October 16, 2014, judgment, containing the Rule 54(c) certification was filed, her earlier appeals are treated as filed on or after October 16.

¶13 Third, even assuming we had not ordered automatic reinstatement of the appeal, the superior court's incorporation of Rule 54(c) language specifying "[n]o further matters remain pending," was a ministerial task that did not substantively alter its prior ruling nor require a discretionary judicial determination. *See Baker v. Bradley*, 231 Ariz. 475, 480, ¶ 18, 296 P.3d 1011, 1016 (App. 2013) (explaining cases dismissing appeals for lack of jurisdiction because notices of appeal are premature share the common characteristic that they involve pending motions for substantive relief or require a discretionary judicial determination after the notice is filed). Thus, the exception to a premature notice of appeal is applicable here and is sufficient to confer appellate jurisdiction. *See id.* at 481, ¶ 19, 296 P.3d at 1017 (explaining exception articulated in *Barassi v. Matison*, 130 Ariz. 418, 421-22, 636 P.2d 1200, 1203-04 (1981) and stating "if the ruling preceding the notice of appeal is a final decision . . . and the trial court merely enters a final judgment consistent with its prior . . . ruling, the limited *Barassi* exception will likely apply").

¶14 Therefore, an amended notice of appeal from the October 16, 2014 judgment was unnecessary and we have jurisdiction pursuant to A.R.S. §§ 12-2101(A)(1) (Supp. 2015), and 12-120.21(A)(1) (2003).

## II. The Civil Complaint was Timely Filed Pursuant to the Savings Statute, A.R.S. § 12-504(A)

¶15 The facts are undisputed. The parties assume that the causes of action accrued in 2009, that there was a three year statute of limitations, and the record shows Terri's civil complaint was filed April 19, 2013. The probate court issued its order dismissing the complaint on October 5, 2012,

but the clerk of the court did not file it until October 23, 2012, and thus, it was not "entered" until October 23, 2012. Terri asserts that she filed her civil action within six months of the filing of the probate court's dismissal,[5] and thus within the six month period from termination of the probate action as permitted by A.R.S. § 12-504(A). Relying on *Roller Village, Inc. v. Superior Court*, 154 Ariz. 195, 198, 741 P.2d 328, 331 (App. 1987), she argues that the probate matter terminated when the probate court filed the order of dismissal.

¶16 Kevin argues that the civil complaint was not filed within six months of the termination of the probate matter because for purposes of A.R.S. § 12-504(A), termination occurred when the superior court ruled and signed the order dismissing the case on October 5, 2012, rather than when the order was filed and thus entered by the court clerk on October 23, 2012. He maintains that the April 19, 2013 civil complaint was therefore filed more than six months later and was too late. Kevin reasons that had the legislature intended "termination" to mean the point in time when a dismissal order is filed by the court clerk, it would have so stated. He maintains that our decision in *Roller Village* is inapplicable here because "the language defining 'entry of judgment'" in that case was decided "while discussing Rules 54 and 58 [of the Arizona Rules of Civil Procedure]."

¶17 As applicable here, the savings statute permits refiling of an otherwise timely lawsuit within six months of termination by dismissal in the superior court. *See Roller Village*, 154 Ariz. at 197, 741 P.2d at 330. The savings statute, A.R.S. § 12-504(A), provides in relevant part:

> If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination.

¶18 The right to refile if dismissal is not based on "abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits," A.R.S. § 12-504(A), is automatic and not subjected to court

---

[5] Because we determine the civil complaint was timely filed for purposes of A.R.S. § 12-504(A), we need not address the alternative arguments about A.R.S. § 12-504(B).

discretion. *See Roller Village*, 154 Ariz. at 197, 741 P.2d at 330; *see also Jepson v. New*, 164 Ariz. 265, 271, 792 P.2d 728, 734 (1990) (explaining statute provides both automatic and discretionary relief depending on the reason for dismissal).

**¶19** Kevin does not dispute that the probate matter was timely filed for purposes of the statute of limitations and that Terri was substituted as the plaintiff after an assignment of the Estate's claims to her during that time. It is also undisputed that the civil complaint raises the same causes of action against Kevin as did the probate matter. *See* A.R.S. § 12-504(D) ("If an action timely commenced is dismissed because the named plaintiff is not the proper party to bring the action, the provisions of this section apply to an action subsequently brought by the proper party, provided that the dismissed action was sufficient to put the defendant on notice of the claim sought to be asserted."). Finally, it is undisputed that the dismissal of the probate matter was not based on "abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits," A.R.S. § 12-504(A).

**¶20** Therefore, the operative question is whether "termination" of an action for purposes of the savings statute, occurs on the date the superior court signs the order of dismissal, or on the date the dismissal is filed by the clerk of the superior court.

**¶21** In *Roller Village* we specifically addressed the question of the definition of "termination" for purposes of the savings statute: "[w]hen does 'termination' occur after a dismissal?" 154 Ariz. at 197, 741 P.2d at 330. We stated "if there is no appeal, an action is terminated upon *entry* of an order of dismissal by the trial judge." *Id.* (emphasis added). We determined that "[a]n order is 'entered' when it is reduced to writing, signed by the judge, *and filed with the clerk*." *Id.* at 198, 741 P.2d at 331 (emphasis added).

**¶22** Kevin asserts that because *Roller Village* relied upon Rules 54(a) and 58(a) of the Arizona Rules of Civil Procedure pertaining to the entry of "judgments," the case and reasoning are inapplicable here.[6] He

---

[6] Rule 54(a) defines "judgment" in relevant part as "an order from which an appeal lies." Rule 58(a) states, "[t]he filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry . . . ."

maintains that entry of the order of dismissal is inconsequential in this case because there was no appealable "judgment" in the probate matter as evidenced by our dismissal of that matter on appeal for lack of jurisdiction. We are not persuaded. To the extent Kevin identifies a difference between this case and *Roller Village*, he does not explain why this compels a determination that the order of dismissal here need not be "entered." Although *Roller Village* was primarily concerned with A.R.S. § 12-504(E),[7] 154 Ariz. at 198, 741 P.2d at 331, it too was considering the effect of an *order* of dismissal, *id.* at 196, 741 P.2d at 329. We see no reason to depart from *Roller Village*'s analysis and conclusion about the definition of "termination" of an action.

**¶23**        *Roller Village* compels our determination that the six-month time period for refiling an action for purposes of A.R.S. § 12-504(A) is triggered by court clerk's entry of the signed order of dismissal. Because the order of dismissal terminating the probate action was entered on October 23, 2013, Terri's civil complaint filed on April 19, 2014 was timely for purposes of the savings statute. We also conclude that given the applicability of the savings statute, the superior court had no discretion to dismiss the civil complaint on the basis that the statute of limitations had expired. *See Roller Village*, 154 Ariz. at 197, 741 P.2d at 330. Thus, as a matter of law, the court should not have dismissed the civil complaint. We therefore reverse the dismissal and remand to the superior court with instructions to reinstate the complaint and for further proceedings consistent with this decision.

## III.    Attorneys' Fees

**¶24**        Kevin requested an award of attorneys' fees for both the civil action in the amount of $4,400, and for the earlier probate action in the amount of $30,025, because the actions arose out of contract, *see* A.R.S. § 12-341.01 (Supp. 2015). In its discretion, the superior court awarded attorneys' fees and costs for the civil action in the amount of $4,400. *See* A.R.S. § 12-341.01(A) ("In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."). Because we reverse the dismissal of the civil complaint, Kevin

---

[7] "The provisions of this section are applicable to actions terminated by orders of dismissal entered on or after the effective date of this section." A.R.S. § 12-504(E).

cannot be considered the successful party for purposes of A.R.S. § 12-341.01(A). Thus we reverse the superior court's award of attorneys' fees.

¶25    On appeal both parties request attorneys' fees pursuant to A.R.S. § 12-341.01. Kevin cannot be considered the successful party and therefore we decline his request. In our discretion we award attorneys' fees and taxable costs on appeal to Terri pursuant to A.R.S. §§ 12-341.01 and 12-341 (2003) upon her timely compliance with ARCAP 21.

## CONCLUSION

¶26    For the reasons stated, we reverse the dismissal of the complaint and the award of attorneys' fees to Kevin. We remand this matter to the superior court with instructions to reinstate the complaint and for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama